UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,             **MEMORANDUM OPINION AND ORDER**

vs.                                          Criminal No. 17-184 ADM/FLN

Norbert Joseph Sturdevant,

                Defendant.

___

Melinda A. Williams, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

James S. Becker, Assistant Federal Defender, Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

On December 14, 2017, the undersigned United States District Judge held a status conference regarding five pro se motions filed by Defendant Norbert Joseph Sturdevant ("Sturdevant"): 1) Motion to Quash Indictment/Information [Docket No. 29]; 2) Motion to Dismiss Charges and Indictment [Docket No. 30]; 3) Motion for Grand Jury Array and Proceedings Transcripts [Docket No. 31]; 4) Motion to Record Voir Dire Proceedings [Docket No. 32]; and 5) Motion to Dismiss Because of Unconstitutional Application of Federal Statute [Docket No. 34]. During the conference, the Court granted Sturdevant's Motion to Record Voir Dire Proceedings, and took the remaining motions under advisement. See Min. Entry [Docket No. 37]. For the reasons set forth below, Sturdevant's Motions are denied.

## II. BACKGROUND

On July 26, 2017, Sturdevant was indicted on a single count of failing to register as a sex

offender, in violation of 18 U.S.C. § 2250(a).  See Indictment [Docket No. 1].  On September 5, 2017, Attorney James S. Becker ("Becker") appeared on behalf of Strudevant.  See Notice Appearance/Substitution [Docket No. 12].  Becker filed six motions related to discovery and evidentiary disclosure on Sturdevant's behalf shortly thereafter.  See Mots. [Docket Nos. 17–22].

After those motions were filed, Sturdevant filed the five pro se motions identified above.  Because the motions were filed by a represented party, the Court determined that a status conference was necessary to discuss Sturdevant's motions and the status of his representation by counsel.

During the conference, Sturdevant stated the he filed the motions to assert and preserve his rights and that he was not dissatisfied with his legal representation.  The Court explained that represented individuals may not file pro se motions, but that under the circumstances this set of motions would be considered.  The Court also provided Sturdevant with an opportunity to supplement his motions with oral argument.

At the conclusion of the conference, the Court granted Sturdevant's Motion to Record Voir Dire Proceedings and took the remaining motions under advisement.  The Court advised Sturdevant that any further motions must be made through his attorney.

### III.  DISCUSSION

**A.  Motion to Quash Indictment/Information**

Sturdevant argues that the Indictment must be quashed because the grand jury foreperson was not a federally recognized Native American Indian, in violation of the Sixth Amendment.  Sturdevant additionally argues that because there were no Native American Indians in the grand jury, the Indictment must be quashed.

"The Sixth Amendment . . . guarantee[s] a criminal defendant a grand jury composed of a fair cross-section of the community chosen at random.  United States v. Ireland, 62 F.3d 227, 231 (8th Cir. 1995).  To prevail on such a claim, the Eighth Circuit requires proof that Native Americans' representation on the grand jury was not fair and reasonable in relation to their representation in the community, and their under-representation resulted from their systematic exclusion from the jury-selection process.  United States v. Greatwalker, 356 F.3d 908, 910–11 (8th Cir. 2004).

Sturdevant was indicted in the Fourth District in the District of Minnesota, which draws its prospective jurors from a list of registered voters, driver's license holders, and state identification cards.  See Jury Duty Frequently Asked Questions, United States District Court District of Minnesota, http://www.mnd.uscourts.gov/JuryInfo/FAQ-Jury.shtml.  Fourth District jurors are selected from the northern part of the Minneapolis metro area and the counties comprising the south-west portion of the state.  The Fourth District includes at least two recognized Indian Communities, the Lower Sioux Indian Community and the Upper Sioux Community.  No evidence has been presented to suggest that Native Americans have been systematically excluded from the jury pool.  Accordingly, Sturdevant cannot show a depravation of his Sixth Amendment's right to a fair cross-section of the community.

## B.  Motion to Dismiss Charges and Indictment

Sturdevant argues that he was served with a detainer by the BOP on July 31, 2017, alleging that an arrest warrant had been issued for him failing to register as a sex offender.  Sturdevant argues that the prison officials had no right to hold him on the detainer because there was no criminal offense alleged, in violation Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments.  Sturdevant also alleges that the detainer resulted in him being re-incarcerated in violation of the Interstate Agreement on Detainers.

Sturdevant's argument that the detainer violated his rights fails.  His claim that the July 31, 2017 detainer did not allege a criminal offense is undermined by the Indictment, which was filed July 26, 2017.  Sturdevant's re-incarceration claim also fails.  In support, he cites Alabama v. Bozeman, a case where the Supreme Court held that Article IV(e) of the Interstate Agreement on Detainers required dismissing pending charges when a defendant's current imprisonment was interrupted for a single day to be transported out of state for an arraignment.  533 U.S. 146, 149 (2001).  That is not what happened here.  Sturdevant was not transported across a state line until his earlier period of incarceration ended.  Therefore, there is no violation of the Interstate Agreement on Detainers.

**C.  Motion for Grand Jury Array and Proceedings Transcripts**

Sturdevant requests a copy of the grand jury array and proceedings transcripts.  There is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts."  United States v. Proctor & Gamble Co., 356 U.S. 677, 681 (1958).  The Supreme Court has stated that "the proper function of our grand jury system depends upon the secrecy of grand jury proceedings."  Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 218 (1979).  Exceptions to this policy are extremely limited.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows for disclosure of grand jury transcripts by the court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  The Eighth Circuit has balanced the secrecy afforded to the grand jury proceeding with the limited

exceptions in which disclosure may be made by recognizing that "the party moving for disclosure must establish a 'particularized need.'"  United States v. Sileven, 985 F.2d 962, 965 (8th Cir. 1993).

Sturdevant has not shown the required "particularized need" for the transcripts.  Such a showing demands the "presentation of specific evidence of prosecutorial overreach."  United States v. Finn, 919 F. Supp. 1305, 1327 (D. Minn. 1995).  Sturdevant has not presented any evidence of prosecutorial overreach.  Rather, Sturdevant makes a bald averment of prosecutorial impropriety, which is insufficient to override the inherent secrecy of grand jury proceedings.

**D.  Motion to Dismiss Because of Unconstitutional Application of Statute**

Sturdevant argues that 18 U.S.C. § 2250, the Sex Offender Registration and Notification Act ("SORNA"), is unconstitutional as applied to him because it violates the Constitution's prohibition against ex post facto laws.  Sturdevant additionally argues that Congress lacked authority under its Commerce Clause powers to enact SORNA.

The Ex Post Facto Clause prohibits Congress from enacting any law which "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed."  Weaver v. Graham, 450 U.S. 24, 28–31 (1981). The violation of SORNA charged here requires proof of interstate travel plus failure to register or update a sex offender registration.  Sturdevant's alleged prohibited conduct, his interstate travel between April 1, 2016 and February 14, 2017, and the failure to register or update his sex offender registration, occurred after SORNA's July 27, 2006 enactment.  The Eighth Circuit held in United States v. Waddle, that § 2250 does not punish a defendant for previously having been convicted of a sex crime, but rather "punishes convicted sex offenders who travel in interstate

5

commerce after the enactment of SORNA and who fail to register as required by SORNA." 612 F.3d 1027, 1029 (8th Cir. 2010). This comports with the Supreme Court's holding in Carr v. United States that liability under § 2250 "cannot be predicated on pre-SORNA travel." 130 S. Ct. 2229, 2233 (2010). Since Sturdevant's charged conduct is not predicated on pre-SORNA travel, his ex post facto argument fails.

Regarding Sturdevant's Commerce Clause argument, the Eighth Circuit has expressly held that SORNA was a legitimate use of Congress' power under the Commerce Clause. Waddle, 612 F.3d at 1030–31. Such binding precedent forecloses Sturdevant's argument.

### IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Norbert Joseph Sturdevant's pro se Motion to Quash Indictment/Information [Docket No. 29], Motion to Dismiss Charges and Indictment [Docket No. 30]; Motion for Grand Jury Array and Proceedings Transcripts [Docket No. 31]; and Motion to Dismiss Because of Unconstitutional Application of Federal Statute [Docket No. 34] are **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 11, 2018.