UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,    **MEMORANDUM OPINION**
             **AND ORDER**
v.             Criminal No. 17-184 ADM/DTS

Norbert Joseph Sturdevant,

       Defendant.

_____

Melinda A. Williams, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Norbert Joseph Sturdevant, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Norbert Joseph Sturdevant's ("Sturdevant") pro se Motion to Compel Marshal to Perform Duty Owed [Docket No. 51] (the "Motion").  For the reasons set forth below, the Motion is denied.

## II.  BACKGROUND

On March 8, 2018, Sturdevant entered a plea of guilty for failing to register as a sex offender, as charged in Count 1 in the Indictment [Docket No. 1].  See Min. Entry [Docket No. 43].

Prior to pleading guilty, Sturdevant filed five pro se motions related to the Indictment, Grand Jury proceedings, and voir dire.  See [Docket Nos. 29, 30, 31, 32, 34].  Because these Motions were filed while Sturdevant was represented by counsel, the Court held a status conference to determine the state of his legal representation.

At the December 14, 2017 status conference, Sturdevant stated the he filed the motions to preserve his rights and that he was satisfied with his legal representation. The Court explained that represented individuals may not ordinarily file pro se motions, but his particular set of motions would be considered. The Court also provided Sturdevant with an opportunity to supplement his motions with oral argument.

At the conclusion of the conference, the Court advised Sturdevant that any further motions must be made through his attorney.

In the current Motion, Sturdevant, who remains represented by counsel, alleges a violation of the Eighth Amendment's prohibition against cruel and unusual punishment based on a lack of access to medical care. Sturdevant requests an order compelling the United States Marshal to provide him medical care while he awaits sentencing at the Sherburne County Jail.

### III.  DISCUSSION

As an initial matter, Sturdevant's Motion is procedurally improper. As previously discussed at the December 14, 2017 status conference and reiterated in the Court's January 11, 2018 Memorandum Opinion and Order [Docket No. 39], Sturdevant was advised that any further motions must be made through his attorney. Thus, his pro se Motion is denied.

Even if it had been procedurally proper, Sturdevant's Motion also fails on the merits. First, he does not claim that his current medical needs are not being met. Rather, Sturdevant contends

> that any serious medical changes or flare-ups that would require immediate medical attention by those other than the Amend Correctional Care of the Sherburne County Jail, any delay waiting for authorization from the U.S. Marshal's Service for the District of Minnesota, could and would cause imminent danger for serious injury and serious future harm that could be catastrophic.

2

Motion at 2. This speculation about potential future harm does not entitle Sturdevant to relief.

Additionally, a viable Eighth Amendment claim asserting deprivation of medical care must show that a prison official was deliberately indifferent to an inmates serious medical needs. Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011). This requires showing that "(1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it." Id.

Here, Sturdevant alleges that he has "a plethora of medical needs that are serious enough to be in [the] category of life threatening with changing conditions." Motion at 2. These vague and conclusory allegations fail to show that Sturdevant has a "serious medical need" as required to prevail on an Eighth Amendment claim.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Norbert Joseph Sturdevant's pro se Motion to Compel Marshal to Perform Duty Owed [Docket No. 51] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  June 26, 2018.